UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 JUN -4  AM 9: 50

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| THOMAS JOHN JELLIFFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:11-cv-89 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 12, 15 & 19)

This matter came before the court for a review of the Magistrate Judge's March 7, 2012 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 19). Neither party has objected to the R & R, and the deadline for doing so has expired.

In this action, pursuant to 42 U.S.C. § 405(g), Plaintiff Thomas Jelliffe seeks review of the decision by the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits. In the R & R, the Magistrate Judge recommends granting Mr. Jelliffe's motion to reverse the Commissioner's decision (Doc. 12) and denying the Commissioner's motion to affirm the same (Doc. 15).

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

In his thirteen page R & R, the Magistrate Judge carefully reviewed the factual record and the competing motions and determined that Administrative Law Judge ("ALJ") Thomas Merrill erred in adjudicating Thomas Jelliffe's claim for disability benefits by finding that neither Mr. Jelliffe's traumatic brain injury ("TBI") nor his left arm impairment constituted severe impairments. *See* 20 CFR § 404.1520(c) (A "severe" impairment is one which "significantly limits [the claimant's] physical or mental ability to do basic work activities."), *see also* SSR 85-28, 1985 WL 56856, at *3 (A severe impairment has "more than a minimal effect on an individual's ability to work.").

With respect to the TBI, the ALJ concluded that it appears to have properly healed after surgery in 1975 with "no indication that this injury caused long-lasting cognitive dysfunction." (AR 10.) The Magistrate Judge found that this conclusion was not supported by substantial evidence, noting that Mr. Jelliffe suffers from several cognitive deficits stemming from his TBI which severely limit his ability to concentrate and his ability to understand and retain instructions. The Magistrate Judge concluded that "the evidence demonstrates that [Mr.] Jelliffe's TBI caused more than a minimal effect on his ability to work." (Doc. 19 at 10.)

With respect to the left arm impairment, the ALJ concluded that "there is no evidence that this longstanding abnormality has caused any more than minimal functional limitations since the alleged onset date." (AR 10.) Again, the Magistrate Judge found that this conclusion was not based on substantial evidence, noting evidence of pain, muscle weakness, and some degree of atrophy in Mr. Jelliffe's left arm and hand. He concluded that the impairment had "more than a minimal effect" on Mr. Jelliffe's ability to work. (Doc. 19 at 11.)

The Magistrate Judge further found that these errors were not harmless, because the ALJ did not take them into account when determining Mr. Jelliffe's residual functional capacity ("RFC"). As the Magistrate Judge pointed out the RFC does not contain any limitations based on either Mr. Jelliffe's left arm impairment or his mental deficits. The Magistrate Judge, therefore, recommended that the matter be remanded for a new decision starting at step two, with a reassessment of Mr. Jelliffe's TBI and left arm impairment, and proceeding through the remaining steps of the sequential analysis for evaluating disability claims.

The court agrees with the Magistrate Judge's conclusions and hereby ADOPTS the R & R as the Opinion and Order of this court. This case is therefore remanded for a redetermination of Mr. Jelliffe's application consistent with the rulings set forth herein.

For the foregoing reasons, the court hereby GRANTS Mr. Jelliffe's motion to reverse (Doc. 12), DENIES the Commissioner's motion for an order affirming the ALJ's decision (Doc. 15) and REMANDS this case for proceedings consistent with this Opinion and Order.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 4th day of June, 2012.

Christina Reiss, Chief Judge
United States District Court